# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIZET GONZALEZ,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CITY OF MODEST- MODESTO POLICE DEPARTMENT, et al.,<br><br>　　　　Defendants. | Case No.  1:20-cv-01031-NONE-BAM<br><br>FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANTS' MOTION TO DISMISS<br><br>(Doc. No. 20)<br><br>**FOURTEEN-DAY DEADLINE** |

### I.    INTRODUCTION

On July 23, 2020, Plaintiff Lizet Gonzalez ("Plaintiff") filed this action against Defendants City of Modesto - Modesto Police Department, Officer Jorge Contreras, Officer Cameron Irinaga, Officer Brian Binkley, and Police Chief Galen L. Carroll.  (Doc. 1.)

On November 12, 2020, Defendants moved to dismiss the complaint and Plaintiff responded with a first amended complaint. (Docs. 8, 10.) On December 23, 2020, Plaintiff filed a Second Amended Complaint. (Doc. 18.) The Second Amended Complaint alleged five claims: (1) deprivation of federal civil rights in violation of 42 U.S.C. § 1983, (2) Interference with exercise and enjoyment of civil rights by threat, intimidation, or coercion in violation of Cal. Civ. Code § 52.1 (*Tom Bane Civil Rights Act*), (3) False Imprisonment, (4) Assault and battery, and (5) Intentional infliction of emotional distress.  (Doc. 18.)

1

Defendants then filed the present motion to dismiss the second claim in Plaintiff's second amended complaint on January 11, 2021. (Doc. 20.)  Plaintiff filed her opposition on January 29, 2021, and Defendants replied on February 3, 2021. (Docs. 23, 24.)

The Motion was referred to the undersigned for issuance of findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302(a). Having considered the moving, opposition, and reply papers, and for the reasons set forth below, the Court RECOMMENDS that Defendants' motion to dismiss the second claim in Plaintiff's Second Amended Complaint be DENIED.

## II.    FACTUAL BACKGROUND[1]

On or about June 23, 2019, Plaintiff, her brother, Juan Carlos Gonzalez, and her boyfriend Francisco M. Sanchez attended a concert at John Thurmond Field, 601 Neece Drive, Modesto CA, 95351. (Second Amended Complaint, hereinafter "SAC" ¶ 16.) At some point during the night, Plaintiff and her brother Juan Carlos began arguing. (SAC ¶ 17.) Because the concert was packed, there were people crowded around Plaintiff and her brother, including Plaintiff's boyfriend Mr. Sanchez. (SAC ¶ 17.) During the argument, Plaintiff and Juan Carlos both fell to the ground. (SAC ¶ 17.) Mr. Sanchez and others began helping Plaintiff and Juan Carlos to their feet. (SAC ¶ 17.) Juan Carlos was at this point intoxicated after purchasing alcohol at the event. (SAC ¶ 17.)

Without any inquiry of anyone, one of the officers (believed to be Officer Espinoza) approached the siblings and accused Juan Carlos of trying to harm Plaintiff. (SAC ¶ 18.) The Officer unholstered his taser, pointed it at Juan Carlos and ordered him to stop arguing with Plaintiff under threat that he would use the taser. (SAC ¶ 18.) Officers Espinoza, Irinaga, and Sergeant Brinkley then pinned Juan Carlos to the ground, punched him in the face and chest, subdued him until he was unconscious, and cuffed him. (SAC ¶ 20.) Plaintiff attempted to explain that Juan Carlos was not a threat to her, however, her attempts were ignored. (SAC ¶ 20.)

Plaintiff, fearing for her brother's life, was extremely upset and worried. (SAC ¶ 21.) Plaintiff begged the officers to stop hurting her brother and expressed her concern that they were killing him. (SAC ¶ 21.) Plaintiff demanded that the officers (Espinoza, Irinaga, Brinkley and Contreras) identify

---

[1]    The facts are derived from Plaintiff's Second Amended Complaint.

2

themselves and requested multiple times that the officers give her brother medical attention. (SAC ¶ 21.) Officers then restrained Juan Carlos with a RIPP full restraint device so that he was completely immobilized. (SAC ¶ 22.)

After witnessing her brother's arrest, Plaintiff asked Officer Espinoza for an explanation of why Juan Carlos was arrested and when he would receive medical attention. (SAC ¶ 24.) Officer Espinoza stated that the brother was under arrest for drunk and disorderly conduct. (SAC ¶ 24.) Plaintiff continued to argue there were no grounds for Juan Carlos' arrest and plead with the officers not to arrest him. (SAC ¶ 24.) Plaintiff also requested the officers identify themselves and provide their badge numbers, but they refused. (SAC ¶ 24.) Plaintiff remained concerned for her brother and continued to ask questions of the officers. (SAC ¶ 25.) Officers and Sergeant Binkley then told Plaintiff to stop asking questions and leave the area or she would be arrested. (SAC ¶ 25.) However, Plaintiff persisted in asking questions and was told again to leave because the "conflict had resolved." (SAC ¶ 25.) Plaintiff continued to ask questions of the officers, while not interfering in the police activity, or impeding the police action. ((SAC ¶ 26.) However, she was still threatened with arrest. (SAC ¶ 26.)

Since her questions were not answered, Plaintiff began taking pictures of the Sergeant Binkley and the other officers' name tags. (SAC ¶ 37.) Sergeant Binkley, with the help of Officers Irinaga and Espinoza, grabbed her phone and proceeded with force to pull Plaintiff's arms behind her back and placing handcuffs on her to restrain her movements. (SAC ¶ 27.) The handcuffs were applied tightly, and Plaintiff's requests that the handcuffs be loosened were ignored. (SAC ¶ 27.) Plaintiff was then placed in the back of a police vehicle and booked into the Stanislaus Public Safety Center. (SAC ¶ 27.)

Plaintiff alleges that each of the Officers threatened, coerced, and intimidated her with arrest if she did not stop filming them and asking questions; both of which are an exercise of her First Amendment rights. (SAC ¶ 28.) Plaintiff also alleges that there was no cause, probable or otherwise, for her arrest as "resisting arrest" cannot be the predicate crime. (SAC ¶ 28.)

Following Plaintiff's arrest, Defendants also placed her boyfriend, Mr. Sanchez, under arrest when he began asking questions. (SAC ¶ 30.) Officers and Sergeant Binkley determined that Mr.

Sanchez' questions were "prolong[ing] their exit" and then arrested him, charging him with "resisting arrest." (SAC ¶ 30.) At Plaintiff's arraignment the following day, the charge of "resisting arrest"' was dismissed. (SAC ¶ 31.)

### III. LEGAL STANDARD

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim upon which relief may be granted, the Court accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

Under Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts that it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged[.]" *Associated Gen.*

*Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983). In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562.

"Dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). To the extent that the pleadings can be cured by the allegation of additional facts, the Court will afford the plaintiff leave to amend. *Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted).

**IV.    DISCUSSION**

In the motion to dismiss, Defendants challenge Plaintiff's second claim for violation of Cal. Civ. Code § 52.1.  Defendants contend that Plaintiff's second claim alleging violation of Cal. Civ. Code § 52.1 fails to establish that a threat, intimidation, or coercion was used because Plaintiff only alleges that Defendants threatened to place her under arrest. (Doc. 20.) Defendants argue that the threat of arrest or detention is insufficient to support a claim under Cal. Civ. Code § 52.1. Plaintiff notes that Defendants base their argument that "speech alone" does not constitute a threat, coercion, or intimidate under Cal. Civ. Code § 52.1 is based the statute's language prior to amendment in 2018.[2] (Doc. 23 at 1.) Plaintiff also argues that Defendants misrepresent the quantity of facts provided in the complaint, and that Plaintiff's complaint is compliant with notice pleading. (*Id.*)

California Civil Code section 52.1, known as the Bane Act, authorizes a claim for relief "against anyone who interferes, or tries to do so, by threats, intimidation, or coercion, with an individual's exercise or enjoyment of rights secured by federal or state law." *Jones v. Kmart Corp.*,

---

[2]    Plaintiff argues that the Defendants reliance on the argument requiring more than speech to establish a threat, coercion, or intimidate is based on an outdated version of the statute. After amendment in 2018, the language of the "speech alone limitation" at Cal. Civil Code § 52.1(k) stated that "speech alone is not sufficient to support an action brought pursuant to subdivision (a) or (b), except upon which a showing that the speech itself threatens violence against a specific person or group of persons."  Plaintiff argues that the failure of subsection (k) to cite subsection (c) which establishes the private tort claim under the Bane Act, removed the "speech alone limitation" previously applicable to individual actions. (Doc. 23 at 18.) The Court, however, finds it unnecessary to address this statutory construction argument as (1) the case law involving the Bane Act's "speech alone limitation," discussed *infra*, addresses the issue of whether speech alone can be threatening, coercive, or intimidating, and (2) Defendants do not address the issue.

949 P.2d 941, 942 (1998). A claim under section 52.1 requires "an attempted or completed act of interference with a legal right, accompanied by a form of coercion." *Id.* at 944. The essence of a Bane Act claim is that a defendant, through threats, intimidation, or coercion, tried to or did prevent the plaintiff from doing something that he had the right to do under the law or to force the plaintiff to do something that he was not required to do under the law. *Austin B. v. Escondido Union Sch. Dist.*, 57 Cal. Rptr. 3d 454, 472 (Cal. Ct. App. 2007) (quotation marks omitted).

A Bane Act claim must be based on a federal or state constitutional violation. *Cotton v. San Bernardino,* 2020 WL 5900154, at *30 (C.D. Cal. Sept. 1, 2020). If there is no constitutional violation, then there is no conduct upon which to establish a Bane Act claim. *Cotton,* 2020 WL 5900154 at *30.

In most cases, a plaintiff must identify a threat, intimidation, or coercion that was more than speech alone. Cal. Civ. Code § 52.1(k). However, some Federal Courts in California, including the Eastern District of California, have found that a threat of arrest can constitute coercion even without a threat of violence. *Cuviello v. City of Vallejo,* 2020 WL 6728796, at *21 (E.D. Cal. Nov. 16, 2020). This is because of the "coercive power of law enforcement officers has led courts to impose liability when detention, rather than violence is threatened." *Cuviello v. City of Stockton,* 2009 WL 9156144, at *56 (January 23, 2009); *see also Cole v. Doe,* 387 F. Supp.2d 1084, 1102 (N.D. Cal. 2005) (finding a Bane Act violation where officers stopped and detained Plaintiff in handcuffs until he consented to a search of his vehicle); *see also Cuviello v. City and Cty of San Francisco,* 940 F.Supp.2d 1071, 1103 (N.D. Cal. 2013) (finding a Bane Act claim was adequate when plaintiffs alleged defendants threatened them with arrest if they protested). In relation to First Amendment rights, a threat of arrest may interfere with a plaintiff's First Amendment speech rights. *Cuviello v. City and Cty of San Francisco,* 940 F.Supp.2 at 1103.

Here, Plaintiff alleges that her First Amendment rights were violated when she was threatened with arrest for asking multiple, repetitive questions of the officers involved in her brother's arrest. Further, Plaintiff alleges she was threatened with arrest for videotaping and photographing the officers when they refused to respond to her questions. Finally, Plaintiff alleges she was forcibly arrested after she refused to stop videotaping and leave the scene.

Defendants argue that threat of arrest is insufficient to establish the threat, coercion, or intimidation requirement of a Bane Act claim. However, threat of arrest may be sufficient where the threat interferes with a First Amendment right. *Id.*; *see also Black Lives Matter-Stockton Chapter v. San Joaquin Cty. Sheriff's Office*, 398 F. Supp. 3d 660 (E.D. Cal. July 2, 2019) (finding a Bane Act claim was sufficient where officers blocked individuals from entering a courthouse to protest.) Further, Plaintiff was forcibly arrested when she persisted in videotaping the officers.

Therefore, Plaintiff states a cognizable Cal. Civil Code § 52.1, Bane Act claim.

### V.     Conclusion and Order

For the reasons stated, the Court finds that Plaintiff states a cognizable claim for relief under the Bane Act. Accordingly, the Court HEREBY RECOMMENDS that Defendants' motion to dismiss, filed on January 11, 2021, be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 14, 2022**              /s/ *Barbara A. McAuliffe*
                                                              UNITED STATES MAGISTRATE JUDGE